**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GAIL ANN FOX,

      Plaintiff,

                                                 Case No. 17-10326

v.

                                                 Hon. Marianne O. Battani

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS**
**AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      INTRODUCTION**

Before the Court are objections filed by Plaintiff Gail Ann Fox (Dkt. 22) to

Magistrate Judge R. Steven Whalen's December 8, 2017 Report and Recommendation

("R & R") (Dkt. 21). The R & R recommends that the Court deny Plaintiff's motion for

summary judgment (Dkt. 16), grant the Defendant Commissioner of Social Security's

motion for summary judgment (Dkt. 20), and affirm the challenged decision of the

Defendant Commissioner. For the reasons discussed below, the Court **OVERRULES**

Plaintiff's objections and **ADOPTS** the Magistrate Judge's R & R in its entirety.

## II.     STATEMENT OF FACTS

Neither party objects to the Magistrate Judge's summary of the background facts concerning Plaintiff's claim for Social Security disability insurance benefits and supplemental security income, her medical history, and her testimony at the administrative hearing.  Accordingly, the Court adopts these unchallenged portions of the R & R.

## III.    STANDARD OF REVIEW

A district court must conduct a *de novo* review of any portion of a magistrate judge's R & R to which a party objects.  28 U.S.C. § 636(b)(1).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  *United States v. Shami,* 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of matters referred to a magistrate judge.  *Flournoy v. Marshall,* 842 F.2d 875, 878 (6th Cir. 1988).

The Court must affirm the decision of the Defendant Commissioner so long as "it is supported by substantial evidence and was made pursuant to proper legal standards."  *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 241 (6th Cir. 2007).  "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers,* 486 F.3d at 241 (internal quotation marks and citation omitted).  If the Commissioner's decision is supported by substantial

evidence, "it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health & Human Services,* 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

When determining whether the Defendant Commissioner's factual findings are supported by substantial evidence, the Court confines its examination to the administrative record considered as a whole. *Wyatt v. Secretary of Health & Human Services,* 974 F.2d 680, 683 (6th Cir. 1992) (internal quotation marks and citation omitted). There is no requirement, however, that either the Commissioner or this Court must discuss every piece of evidence in the record. *Kornecky v. Commissioner of Social Security,* No. 04-2171, 167 F. App'x 496, 508 (6th Cir. Feb. 9, 2006). Further, this Court does not "try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

## IV.    ANALYSIS

Although Plaintiff purports to advance multiple objections to the R & R, the Defendant Commissioner aptly observes in response that these objections all rest upon the purported failure of the Administrative Law Judge ("ALJ") to account for the record of Plaintiff's April 15, 2015 visit to the office of psychiatrist Bryan S. Weinstein, D.O. During this visit, Dr. Weinstein found that Plaintiff had poor concentration, exhibited a depressed and anxious mood, and slept very poorly. (Admin. Record at 380.) This record also includes a handwritten note stating "letter to continue disability." (*Id.* at 381.) Plaintiff contends that the ALJ failed to properly consider these findings by Dr. Weinstein, resulting in a flawed assessment of her credibility.

As a threshold matter, Defendant correctly points out that Plaintiff did not even mention this April 15, 2015 visit to Dr. Weinstein in her underlying motion for summary judgment, much less advance any argument concerning the ALJ's purported failure to consider this evidence. Accordingly, Plaintiff cannot raise this issue for the first time in her objections to the R & R. *See Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Swain v. Commissioner of Social Security,* No. 09-3500, 379 F. App'x 512, 517-18 (6th Cir. June 7, 2010).

Even assuming this challenge has not been waived, Plaintiff does not explain how the ALJ's failure to expressly address one particular treatment note in a voluminous record might operate to deprive the ALJ's decision of substantial evidentiary support. First, while Plaintiff characterizes this treatment note as reflecting Dr. Weinstein's finding that she was "disabled," (Dkt. 22, Plaintiff's Objections at 1), the Defendant Commissioner observes that Dr. Weinstein's handwritten reference to "continue[d] disability" does not qualify as a medical opinion under the pertinent Social Security regulations. *See* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). Next, Defendant points out that the ALJ did, in fact, cite to other treatment notes prepared by Dr. Weinstein, (*see* Admin. Record at 26), indicating that the ALJ properly considered Dr. Weinstein's records and findings as a whole. As the Sixth Circuit has emphasized, it is "well settled" that an ALJ "can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky,* 167 F. App'x at 507-08 (internal quotation marks and citation omitted).

Finally, Plaintiff fails to suggest how this single April 15, 2015 treatment note could lead the Court to reject the Magistrate Judge's determination, based upon an

4

independent review of the record, that "[t]he ALJ's conclusions regarding Plaintiff's psychological limitations are . . . well supported." (R & R at 15.) Rather, having reviewed the R & R's discussion of this issue, as well as the underlying record, the Court fully concurs in the Magistrate Judge's analysis.

## V. CONCLUSION

The Court has reviewed *de novo* the entire record and the pleadings, giving particular attention to those portions of the record relevant to Plaintiff's objections. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's December 8, 2017 report and recommendation (Dkt. 21) in its entirety, and **OVERRULES** Plaintiff's December 20, 2017 objections to the report and recommendation (Dkt. 22). Accordingly, Plaintiff's motion for summary judgment (Dkt. 16) is **DENIED**, Defendant's motion for summary judgment (Dkt. 20) is **GRANTED**, and the challenged decision of the Defendant Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date: March 29, 2018                    s/Marianne O. Battani
                                        MARIANNE O. BATTANI
                                        United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 29, 2018.

                                        s/ Kay Doaks
                                        Case Manager